NOT FOR PUBLICATION

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXIZ HERNANDEZ, | No. 14-16283 |
| Petitioner - Appellant, | D.C. No. 3:13-cv-00648-JD |
| v. | |
| R. GROUNDS, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted January 7, 2016**
San Francisco, California

Before:    **WALLACE** and **KOZINSKI**, Circuit Judges, and **WHALEY**,***
Senior District Judge.

No clearly established law addresses whether Hernandez's counsel rendered

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*** The Honorable Robert H. Whaley, Senior District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

constitutionally deficient performance by failing to properly advise him about his good-time credits before he pled guilty. The Supreme Court has not determined whether good-time credits are a direct or collateral consequence of a plea, although the California Supreme Court considers them to be collateral. See People v. Barella, 975 P.2d 37, 41 (Cal. 1999). Nor has the Court addressed whether "there may be circumstances under which advice about a matter deemed collateral violates the Sixth Amendment." Chaidez v. United States, 133 S. Ct. 1103, 1108 (2013) (internal quotation marks omitted); cf. Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (holding that the failure to advise a client of deportation consequences of a plea may amount to deficient performance, without deciding whether deportation is a direct or collateral consequence); Hill v. Lockhart, 474 U.S. 52, 60 (1985) (declining to decide whether counsel's incorrect advice about parole eligibility amounted to ineffective assistance).

Without Supreme Court authority on point, the state court's determination that Hernandez's counsel didn't render ineffective assistance can't be contrary to or an "unreasonable" application of clearly established law. See 28 U.S.C. § 2254(d)(1); Carey v. Musladin, 549 U.S. 70, 77 (2006). Accordingly, Hernandez isn't entitled to habeas relief.

**AFFIRMED.**